and directed the sheriff to take the goods out of the custody of the law, which had destroyed the plaintiff's lien, and defeated him of recovering his debt.

BY THE COURT, three *Judges* dissenting,
The judgment was affirmed.

## Bisco *v.* Bishop.

In the Court below,

SAMUEL BISHOP, *Esq.* Judge of Probate for New-Haven District, *Plaintiff;* ISAAC BISCO, *Defendant.*

ACTION of debt, on the penal part of of a probate bond, given by the defendant, as executor of the last will and testament of *Samuel Bisco,* deceased.

*Heirs may have a remedy, on the probate bond, against the executor, for making a fraudulent inventory and sale of lands.*

Plea of a general performance, after setting out the condition.

Replication, alleging, that the defendant had inventoried three pieces of land as containing a certain quantity, and as of a certain value, whereas they contained a far greater number of acres, and were of greater value; that the inventories were returned to the Judge of Probate, the plaintiff, and accepted, and ordered for record; that the defendant obtained an order for the sale of about 400*l.* worth of land to pay debts; that, by collusion with *Daniel* and *Lamberton Tolles,* he sold said three pieces of land, at the inventory price and admeasurement, and returned an account of sales to said Judge; and that this was all done to defraud the heirs, viz. *Betsey Bisco,* about thirteen, and *Samuel Bisco,* about ten years of age,

who were pursuing this action, in the name of the Judge, for their benefit.

The rejoinder of the defendant traversed the facts stated in the replication.

The jury found for the plaintiff, and assessed damages for the value of the land, fraudulently withheld from the inventory, and sold at a price below its value.

The errors assigned were, 1. That it appertains, exclusively, to the Court of Probate, to determine the matters in controversy, in this case : 2. That the heirs may now have their remedy by appeal from Probate.

*Edwards*, (of New-Haven) and *Daggett*, for the plaintiff in error, argued, that by the judgment of the Superior Court, the settlement of the estate of the deceased is taken from the Court of Probate, to which by law it belongs, and transferred to the courts of common law ; that there is an adequate remedy in the Court of Probate, by appeal ; and that the heirs may now, or at any time within eight or ten years, (as they are both under thirteen years of age,) take such appeal ; or they may bring ejectment, and recover on the facts found, as it appears therefrom, that the executor and the purchasers were equally concerned in the fraud. They contended, that this proceeding was erroneous, as it would destroy a judgment of the Court of Probate, legally made, whereas it could be done away by appeal only, that being the method pointed out by statute.

*Baldwin* and *Smith*, (of New-Haven) for the defendant in error, argued, that this was a direct breach of the condition of the bond, by which the obligor engaged to

make a true and perfect inventory of the estate of the deceased ; that the heirs might have this remedy, or they might appeal ; that they were concurrent ; that the quantum of damages could not be looked at, by the Court, as the jury might have good reasons for giving that sum as smart money.

1802.

BISCO
*v.*
BISHOP.

BY THE COURT,

The judgment was affirmed.

## Allen *v.* Holkins.

In the Court below,

SAMUEL HOLKINS, *Plaintiff;* JONATHAN ALLEN, *De-fendant.*

ACTION of trespass *quare clausum fregit.* Plea, not guilty.

.On trial to the jury, the plaintiff offered in evidence a lease for fifteen years, from *Abel Mumford,* of the land in question, dated in 1796, which was duly signed, seal-ed, witnessed, and recorded ; but had not been acknowl-edged. The defendant claimed under a deed and lease from the said *Mumford,* dated in 1797. The plaintiff was in possession from the date of his lease, till the ac-tion was brought. The defendant offered *Mumford* as a witness, to prove, that the lease to the plaintiff was void, being intended only as a lease for a year. The lease was objected to, on one side, and the evidence of *Mumford,* on the other. The Court admitted the former, and re-jected the latter. Verdict being for the plaintiff, the de-fendant filed a bill of exceptions.

A lease for fif-teen years, though not ac-knowledged, is admissible to shew, that the party was in possession of the land, claiming title.

A person is not a competent witness to im-peach a wri-ting, which he has subscribed.

D